IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMANUEL ADEYINKA,

    Plaintiff,

v.                                                                             No. 1:25-cv-00145-SCY

PERFECT PRIVACY, LLC and
CHRISTOPHER FAGBOLU,

    Defendants.

## ORDER TO CURE DEFICIENCY AND
## ORDER TO SHOW CAUSE

This matter comes before the Court on *pro se* Plaintiff's Complaint, Doc. 3, filed January 14, 2025. This case was transferred to this Court from the United States District Court for the Northern District of Texas. Doc. 6.

### Order to Cure Deficiency

Federal law provides that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff must either pay the fee or file a Long Form Application. The Clerk's Office mailed a copy of the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiff on February 11, 2025.

## Order to Show Cause

Having review Plaintiff's Complaint, the Court finds several deficiencies, which it will address in turn.

1. **Diversity Jurisdiction**

Plaintiff asserts the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." Complaint at 1-2. The Complaint, however, fails to establish diversity jurisdiction. First, there are no allegations stating the amount in controversy exceeds $75,000.

Second, as to diversity of citizenship, Plaintiff states he is a resident of Texas and Defendant Christopher Fagbolu is an attorney residing in New Mexico. *See* Complaint at 1. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an

allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court.[2] *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

As to Defendant Perfect Privacy, LLC, the Complaint alleges it is a company registered in Florida. A limited liability company ("LLC") is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons). Here, Defendant Perfect Privacy appears by name to be an LLC, yet the Complaint fails to allege the citizenship of its members.

2. **Venue**

   A civil action may be brought in:

   **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

   **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

   **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] Indeed, evidence in the records indicates Plaintiff may not be a citizen of Texas. The envelope in which Plaintiff mailed the Complaint to the Northern District of Texas shows Plaintiff's return address as being in Oregon. *See* Complaint at 5.

28 U.S.C. §1391(b). Here, the Northern District of Texas transferred this case to the District of New Mexico because Plaintiff alleges that Defendant Fagbolu resides in New Mexico. Doc. 5 at 2.

However, whether Fagbolu resides in New Mexico is unclear. Last year, Plaintiff filed a complaint against Fagbolu and Perfect Privacy in the United States District Court for the District of Columbia regarding the domain name adeyinka.com. *See* Complaint, Doc. 1, filed April 29, 2024, *Adeyinka v. Perfect Privacy*, No. 1:24-cv-01518-UNA (D.D.C.) (dismissed as frivolous on July 22, 2024) ("*Adeyinka I*"). Plaintiff indicated in his complaint in *Adeyinka I* that Fagbolu was a citizen of California. If the District of New Mexico is the wrong venue for this case, the Court must dismiss or transfer the case. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

3. **Failure to State a Claim**

Plaintiff alleges that Defendant Perfect Privacy LLC provides domain registration services and Defendant Fagbolu is the owner of the domain name "adeyinka.com," "which shares Plaintiff's last name," registered through Perfect Privacy. *See* Complaint at 1. Plaintiff alleges that Defendants have, since 2003, used the domain name adeyinka.com:

> for unlawful purposes, including:
> Identity theft
> Organized crime
> financial abuse
> Economic abuse
> Causing Plaintiff homelessness
> leading to wrongful arrests
> Causing emotional distress

Complaint at 2. Plaintiff also alleges that "Defendants have abused the legal system by: Renewing the domain name year after year despite the alleged harassment Potentially using

4

connection within the legal system to Plaintiff's disadvantage." Complaint at 2. Plaintiff asserts claims for: (i) "Cyberbullying and Identity Theft;" (ii) intentional infliction of emotional distress; (iii) "Tortious Interference with Prospective Economic Advantage;" and (iv) unjust enrichment. Complaint at 2-3 In other words, Plaintiff alleges that Defendants used the domain name for unlawful purposes, Defendants used the domain name to create a false online identity associated with Plaintiff, and Defendants' use of the domain name and abuse of the legal system have caused Plaintiff damages. *See* Complaint at 2-3.

Plaintiff, however, has not explained what each Defendant did and how each Defendant's actions harmed Plaintiff with sufficient detail to give Defendants fair notice of the grounds upon which Plaintiff's claims rest. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Howl v. Alvarado*, 783 F. App'x 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)).

Additionally, Plaintiff alleges that "Defendants have engaged in a pattern of cybercrime by: Using the domain name to create a false online identity associated with Plaintiff Monitoring Plaintiff's online activity through the domain name." Complaint at 2. The Complaint asserts claims for "Cyberbullying and Identity Theft" but does not identify the statutory provisions that Plaintiff believes Defendants violated. Complaint at 2. Generally, "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th

Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Lastly, other than stating that Defendant Fagbolu has owned the domain name "since 2003," there are no factual allegations stating when each of Defendants' actions giving rise to this case occurred. It appears that some of Plaintiff's claims may be barred by the statute of limitations because they may be based on events occurring before 2022. *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").

4. **Conclusion**

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of diversity jurisdiction and failure to state a claim. Additionally, Plaintiff shall show cause why the Court should not dismiss this case for improper venue, or, in the interest of justice, transfer it to another district. If Plaintiff asserts the Court should not dismiss this case, he must file an amended complaint addressing the above-stated deficiencies. The amended complaint must also contain factual statements: (i) supporting Plaintiff's allegation that Fagbolu is a citizen of New Mexico; and (ii) showing that the District of New Mexico is the proper venue for this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov

### Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i)   Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs

        (Long Form). Failure to timely pay the $405.00 fee or file an Application may result in dismissal of this case.

(ii)      Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE