IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMMANUEL ADEYINKA,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-00145-MIS-SCY

PERFECT PRIVACY, LLC and
CHRISTOPHER FAGBOLU,

      Defendants.

## ORDER OF DISMISSAL

*Pro se* Plaintiff, Emmanuel Adeyinka, alleges that Defendant Perfect Privacy LLC provides domain registration services and Defendant Fagbolu is the owner of the domain name "adeyinka.com," "which shares Plaintiff's last name," registered through Perfect Privacy. *See* Compl. at 1, ECF No. 3. Plaintiff alleges that Defendants have, since 2003, used the domain name adeyinka.com:

> for unlawful purposes, including:
> Identity theft
> Organized crime
> financial abuse
> Economic abuse
> Causing Plaintiff homelessness
> leading to wrongful arrests
> Causing emotional distress

*Id.* at 2. Plaintiff also alleges that "Defendants have abused the legal system by: Renewing the domain name year after year despite the alleged harassment Potentially using connection within the legal system to Plaintiff's disadvantage." *Id.* Plaintiff asserts claims for: (i) "Cyberbullying and Identity Theft;" (ii) intentional infliction of emotional distress; (iii) "Tortious Interference with Prospective Economic Advantage;" and (iv) unjust enrichment. *Id.* at 2-3.

Plaintiff asserts the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 which states "district courts shall have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." *Id.* at 1-2. Plaintiff states he is a resident of Texas, Defendant Perfect Privacy is a company registered in Florida, and Defendant Christopher Fagbolu is an attorney residing in New Mexico. *See id.* at 1.

On February 13, 2025, United States Magistrate Judge Steven C. Yarbrough issued an Order notifying Plaintiff:

> The Complaint, however, fails to establish diversity jurisdiction. First, there are no allegations stating the amount in controversy exceeds $75,000.
>
> Second, as to diversity of citizenship, Plaintiff states he is a resident of Texas and Defendant Christopher Fagbolu is an attorney residing in New Mexico. *See* Complaint at 1. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court.[2] *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).
>
> As to Defendant Perfect Privacy, LLC, the Complaint alleges it is a company registered in Florida. A limited liability company ("LLC") is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons). Here, Defendant Perfect Privacy appears by name to be an LLC, yet the Complaint fails to allege the citizenship of its members.

Order to Show Cause at 2-3, ECF No. 8 (n.2 states: "Indeed, evidence in the records indicates Plaintiff may not be a citizen of Texas. The envelope in which Plaintiff mailed the Complaint to the Northern District of Texas shows Plaintiff's return address as being in Oregon. *See* Complaint at 5.").

The Northern District of Texas transferred this case to the District of New Mexico because Plaintiff alleges that Defendant Fagbolu resides in New Mexico. *See* ECF No. 5 at 2. Judge Yarbrough notified Plaintiff:

> whether Fagbolu resides in New Mexico is unclear. Last year, Plaintiff filed a complaint against Fagbolu and Perfect Privacy in the United States District Court for the District of Columbia regarding the domain name adeyinka.com. *See* Complaint, Doc. 1, filed April 29, 2024, *Adeyinka v. Perfect Privacy*, No. 1:24-cv-01518-UNA (D.D.C.) (dismissed as frivolous on July 22, 2024) ("*Adeyinka I*"). Plaintiff indicated in his complaint in *Adeyinka I* that Fagbolu was a citizen of California. If the District of New Mexico is the wrong venue for this case, the Court must dismiss or transfer the case. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Order to Show Cause at 4.

Judge Yarbrough also notified Plaintiff the Complaint fails to state claims upon which relief can be granted because Plaintiff has not explained what each Defendant did and how each Defendant's actions harmed Plaintiff with sufficient detail to give Defendants fair notice of the grounds upon which Plaintiff's claims rest. *See id.* at 5 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Howl v. Alvarado*, 783 F. App'x 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide detailed factual allegations, it must give just enough

3

factual detail to provide fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018))).

Judge Yarbrough ordered Plaintiff to show cause: (i) why the Court should not dismiss this case for lack of diversity jurisdiction and failure to state a claim; (ii) why the Court should not dismiss this case for improper venue, or, in the interest of justice, transfer it to another district; and (iii) file an amended complaint. *See id.* at 6-8 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the March 6, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations to support jurisdiction, Plaintiff did not file a response to Judge Yarbrough's Order to Show Cause, and Plaintiff did not file an amended complaint containing allegations supporting jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE